Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 1041 | **DATE** | 9/16/2004 |
| **CASE TITLE** | United States of America vs. Baldemar Rodriguez-Rodriguez | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Rodriquez's Motion to Withdraw Guilty Plea is DENIED. Sentencing date set for October 5, 2004 at 9:45 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 17 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| WAP | courtroom deputy's initials | 2004 SEP 17 AM 7:58 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D
SEP 1 6 2004

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BALDEMAR RODRIGUEZ-RODRIGUEZ,

    Defendant.

Case No. 03 CR 1041

Hon. Harry D. Leinenweber



DOCKETED
SEP 1 7 2004

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court is Defendant Baldemar Rodriguez-Rodriguez's (hereinafter, "Rodriguez") Motion to Withdraw Guilty Plea. On December 2, 2003, the Government filed a one-count indictment charging Rodriguez with illegally re-entering the United States, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). On April 1, 2004, Rodriguez pled guilty to re-entering the United States after having been deported following a conviction for an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Rodriguez's plea agreement included an admission that certain sentencing enhancements under United States Sentencing Guideline (the "U.S.S.G.") § 2L1.2, notably, a prior aggravated felony conviction on a drug possession charge, applied to his offense. Specifically, Rodriguez admitted in his plea agreement that he had previously pled guilty to First Degree Sale of a Controlled Substance in



Minnesota, and was sentenced to 86 months in prison, which was stayed pending completion of one year at a county workhouse.

Rodriguez now moves to withdraw his guilty plea on the grounds that the recent decisions of *Blakely v. Washington*, 124 S.Ct 2531 (2004) and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004) have created a fair and just reason to question whether his plea agreement was "knowingly entered into." For the following reasons, the Court denies Rodriguez's Motion.

## II. DISCUSSION

Under Rule 11 of the Federal Rules of Criminal Procedure, Rodriguez must show that there is a "fair and just reason" to allow him to withdraw his guilty plea. *See United States v. Roque-Espinoza*, 338 F.3d 724, 726 (7th Cir. 2003). Rule 11 provides only a "narrow escape hatch from a plea entered following a proper Rule 11 colloquy." *Id.* The crux of Rodriguez's argument is that the intervening *Blakely* and *Booker* decisions "altered the reasons" for Rodriguez's admission of a prior drug offense conviction and his willingness to enter into the plea agreement. Specifically, Rodriguez argues that he did not "knowingly" enter into the plea agreement because he was under the impression that the Government only needed to prove his past conviction to a judge under a preponderance of the evidence standard. In addition, Rodriguez claims that he "had to admit these sentencing facts to ensure

himself of a three-point reduction in offense level for acceptance of responsibility." Def. Reply Br. at ¶ 5.

The Government first responds by arguing that the issue of past convictions is the type of factual question that escapes the purview of *Booker* and *Blakely*. Moreover, even if this issue falls under the intervening cases, the Government contends that Rodriguez admitted all the pertinent facts of the prior conviction beyond a reasonable doubt in his plea agreement.

The Court need not determine the thorny issue of whether the prior conviction determination falls under the *Booker* and *Blakeley* case law because there is recent and persuasive authority in this District that indicates Rodriguez's Motion must fail. On September 1, 2004, Judge James B. Zagel issued an opinion that is precisely on-point to the present situation. *See United States v. Reyes-Acosta*, 2004 WL 1963753 (N.D. Ill. 2004). In *Reyes-Acosta*, the defendant entered a plea of guilty to an indictment alleging that he was an alien who had illegally re-entered the country. *See id.* at 1. In the plea agreement, the defendant admitted a prior conviction of an aggravated felony related to a drug offense, but - unlike the situation here - the indictment did not include mention of an aggravated felony. *See id.*

Following the decisions of *Blakely* and *Booker*, the defendant in *Reyes-Acosta* filed a motion to withdraw his guilty plea under the theory that he was "forced" to admit to the facts of his prior

conviction to secure the three point sentencing deduction for admission of responsibility. *See id.* at *2. The defendant essentially argued that had he known that the Government was required to prove his prior conviction beyond a reasonable doubt before a jury, as *Booker* subsequently determined, he would have made a different strategic decision pertaining to his plea agreement. *See id.*

Judge Zagel denied defendant's motion to withdraw the guilty plea, noting that "this is a case about the effects of an after-plea change in law that, arguably, might change the calculus the defendant would use to plead guilty and not a case about the propriety of admonitions, [and] it becomes clear that there is no fair or just reason to permit withdrawal." *Id.* at *3. Judge Zagel also distinguished the Seventh Circuit case of *Gomez-Orozco*, where a defendant was permitted to withdraw a plea only because it was clear that intervening circumstances made it such that the Government may have had *no* case against the defendant, rather than simply a weaker case or a more difficult time proving a fact. *See id.* at *4, *citing United States v. Gomez-Orozco*, 188 F.3d 422 (7th Cir. 1999). Finally, Judge Zagel noted that the defendant had not made any attempt to demonstrate "palpable prejudice," as there was "no claim that the prior conviction and sentence could not be conclusively proven beyond any reasonable doubt." *Id.*

The situation here is virtually indistinguishable from that in the recently-decided *Reyes-Acosta* case. Here, Rodriguez makes no complaint of the Rule 11 colloquy. He also makes absolutely no argument that the prior conviction that he admitted in his plea agreement could not be proved beyond a reasonable doubt. The stark reality here is that in his plea agreement Rodriguez admitted the following facts "beyond a reasonable doubt": (1) prior to deportation, he was convicted of an aggravated felony by pleading guilty to First Degree Sale of a Controlled Substance in the Second Judicial District Court in St. Paul, Minnesota, and (2) he was sentenced to 86 months in prison, which was stayed pending his completion of one year at the Ramsey County Workhouse. *See* Gov. Resp. Br., Ex. B at ¶ 5 (Plea Agreement). Thus, Rodriguez admitted facts under the proper standard of proof that squarely place him under the sentence enhancement of U.S.S.G. § 2L1.2(b)(1)(B). His sole contention is that intervening case law might have changed the calculus of his plea decision. This is not a sufficiently fair and just reason to withdraw his plea. *See Reyes-Acosta*, 2004 WL 1963753 at *4.

As a final note, Rodriguez also argues that his Motion should be granted because the plea agreement is "filled with legally false statements," such as the parties' acknowledgment that the Court would ultimately determine the facts relevant to sentencing and other issues that *Blakely* and *Booker* subsequently called into

question. This, however, does not alter the fact that Rodriguez fully admitted to a prior conviction for aggravated felony. And Rodriguez provides no authority for the proposition that certain inaccuracies in a plea agreement, caused by subsequent law, render the entire plea agreement null and void. Accordingly, this argument fails.

### III. CONCLUSION

For the foregoing reasons, Rodriguez's Motion to Withdraw Guilty Plea is **DENIED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: September 16, 2004